## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Marvin Munt,<br><br>        Plaintiff,<br><br>v.<br><br>Minnesota Department of Corrections, et al.,<br><br>        Defendants. | Case No. 16-cv-1206 (SRN/SER)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Joel Marvin Munt, Bayport, MN, pro se.

Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

Before the Court are Plaintiff Joel Marvin Munt's Objections [Doc. No. 25] to United States Magistrate Judge Steven E. Rau's September 26, 2016 Text Only Order [Doc. No. 21] and Pretrial Scheduling Order [Doc. No. 22].  For the reasons that follow, the Court overrules Munt's objections to the Text Only Order in their entirety.  Munt's objections to the Pretrial Scheduling Order are overruled except as specifically indicated herein.

## II.      BACKGROUND

The facts relevant to resolution of Munt's objections are largely procedural, and will be recited only briefly here.  On May 9, 2016, Munt brought suit against Defendants

pursuant to 28 U.S.C. § 1983, alleging that they had unduly burdened his religious exercise in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and the Minnesota state constitution.  (Compl. [Doc. No. 1] at 1.)  *See* 42 U.S.C. § 2000cc-1; Minn. Const. art. I, § 16.  Simultaneous to the filing of the Complaint, Plaintiff also filed motions seeking a temporary restraining order ("TRO") and expedited preliminary relief.  (*See* Mot. for TRO [Doc. No. 3]; Mot. for Expedited Prelim. Relief [Doc. No. 5].)

On August 29, 2016, process was served upon Defendants by the U.S. Marshals, (*see* Process Receipt and Return [Doc. No. 18]), and Defendants duly filed an Answer [Doc. No. 19] to the Complaint on September 19, 2016.  One week later, the magistrate judge issued the Text Only Order, directing Defendants to respond to Plaintiff's motions for TRO and expedited preliminary relief by October 11, 2016.  On the same day, Judge Rau issued the Pretrial Scheduling Order, which, as relevant to the present matter, required: (1) that any responses to non-dispositive motions be filed and served within fourteen days of service of the original motion; (2) that responses to dispositive motions be filed and served within thirty days of service of the original motion; and (3) that replies relating to dispositive motions be filed within ten days of service of the response. (*See* Pretrial Scheduling Order at 2.)  The Court also referred Munt to guidance on pro se practice found on this Court's website, www.mnd.uscourts.gov.  (*Id.* at 3.)

## III.    DISCUSSION

### A.    Legal Standard

A magistrate judge's order on a non-dispositive issue may be overturned on

review only upon a showing that it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a); *see also* 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### B.      Objections to the September 26, 2016 Text Only Order

Munt raises three objections specifically to the magistrate judge's Text Only Order: (1) that the magistrate judge erred in failing to rule on the motion for TRO "prior even to service of the Complaint;" (2) that the magistrate judge erred in allowing Defendants to respond to the motion for TRO; and (3) that the magistrate judge's decision to order responses to the motions for TRO and preliminary relief at the same time "render[ed] the purpose of the TRO under the Federal Rules of Civil Procedure pointless."  (Pl.'s Objections at 1.)  Taken together, the central thesis of Munt's objections is that his motion for TRO should have been heard ex parte and without delay.

The Court rejects these objections for several fundamental reasons.  First, a TRO is not a matter of right—its issuance is subject to the sound discretion of the court.  *See* Fed. R. Civ. P. 65(b) ("The court *may* issue a temporary restraining order . . . .) (emphasis added); *Sac and Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906 (D. Kan. 1995) ("The issuance of a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court.").  As part of this discretion, courts are tasked with protecting not only the interests of the plaintiff, who claims that he is faced

with the possibility of irreparable injury, but *also* those of the defendant, who may be subject to restraint without notice or an opportunity to respond.  11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2016). Balancing these competing interests requires the court to consider whether an ex parte motion is truly necessary in light of the facts of the case, or whether a delay may be permitted in order to allow the defendant to participate.  As a general matter, courts answer this question with the presumption that issuance of a TRO—as opposed to other relief—is heavily disfavored.  *See, e.g.*, *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438 (1974) ("The stringent restrictions imposed by [Rule 65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Tripp v. Scholz*, No. 14-cv-0890-MJR-PMF, 2014 WL 4179840, at *2 (S.D. Ill. Aug. 22, 2014) ("Even looking past the stringent requirements of Rule 65(b)(1), a temporary restraining order is only appropriate in exceptional circumstances . . . ."); *Pozo v. Hompe*, No. 02-C-12-C, 2002 WL 32357081, at *2 (W.D. Wis. July 30, 2002) ("In general, temporary restraining orders are disfavored . . . .").

Building upon this preference, it is well settled that where the defendant has received notice—through whatever means—of the motion, a court may exercise its inherent power to convert the motion from one for a TRO into one for a preliminary injunction.  *See, e.g.*, *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("The district court may convert a hearing for a

4

temporary restraining order into a hearing for a preliminary injunction so long as the adverse party had notice of the hearing."); *Jihad v. Fabian*, 680 F. Supp. 2d 1021, 1030 (D. Minn. 2010) (converting motion for TRO to one for preliminary injunction where defendants had "received notice of the Plaintiff's request for relief, and have filed a response to his request").   In this instance, by the time Judge Rau issued his Text Only Order implicitly converting Munt's motion to one for a preliminary injunction, Defendants had already received notice of the underlying request for relief—indeed they had already filed an answer to the Complaint.   At that point, considerations of equity mandated that the magistrate judge treat Munt's original motion for ex parte relief as one allowing both parties to be heard.   *See, e.g.*, *Planned Parenthood of Wis, Inc. v. Van Hollen*, 963 F. Supp. 2d 858, 864-65 (W.D. Wis. 2013).   His decision to do so was thus not error—it was the proper judgment.

Finally, and most fundamentally, even if the magistrate judge had wished to proceed directly upon Munt's motion for TRO, he was not in a position to do so for the simple reason that Munt had failed to follow the requirements for properly filing the motion in the first place.   Under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party *only if* the movant or his attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required."   Here, Munt has not filed any document explaining what efforts he took to give notice to Defendants of the pending motion, or why notice should not be required.   (*See generally* Motion for TRO.)   Without that certification, the magistrate judge was *procedurally barred* from hearing the motion on

an ex parte basis. *See Tchienkou v. Net Trust Mortg.*, No. 3:10-cv-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) ("The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."); *see also Estrada v. Booker*, 374 F. App'x 730, 732 (9th Cir. 2010) (affirming district court's denial of pro se prisoner's motion for TRO where prisoner failed to certify his efforts to give notice of the motion to defendants); *Parson v. Shelby Cty.*, No. 11-2771-JDT-CGC, 2012 WL 4062753, at *2 (W.D. Tenn. Sept. 14, 2012) (denying motion for TRO where pro se prisoner failed to comply with Rule 65(b)(1)(B) certification requirement). For all of these reasons, the Court overrules Munt's objections to the magistrate judge's Text Only Order.

### C.    Objections to the Pretrial Scheduling Order

Munt raises eight objections to the Pretrial Scheduling Order, which may generally be grouped into the following categories: (1) the amount of time allowed for responsive briefing is too short in light of Munt's limited access to legal resources; (2) the magistrate judge erred by referring Munt to a website providing tips for pro se litigants, given that Munt has no access to the internet; and (3) the magistrate judge erred by issuing a pretrial scheduling order before first ruling on Munt's motions for TRO and preliminary relief. (*See* Objections at 1-2.) The Court will address each briefly below.

### 1.    Time Limits for Responsive Briefing

In the Pretrial Scheduling Order, the magistrate judge allowed fourteen days for responses to non-dispositive motions, and did not make any special provision for the allowance of reply briefs on such motions. (Pretrial Scheduling Order at 2.) Both

decisions are in line with this Court's local rules, which generally grant only seven days for responses to non-dispositive motions, and expressly forbid the filing of replies in support of non-dispositive motions without the court's prior permission. *See* D. Minn. L.R. 7.1(b)(2) & (3). Likewise, the magistrate judge directed that responses to dispositive motions be made within thirty days of service of the original motion, and any replies follow within ten days of service of the response. (Pretrial Scheduling Order at 2.) Again, these deadlines are largely in line with the local rules, which mandate twenty-one days for responses to dispositive motions, and fourteen days for any replies. D. Minn. L.R. 7.1(c)(2) & (3).

Because the magistrate judge's order generally either meets or exceeds the relevant requirements of the Court's local rules regarding time for filing responses and replies, the Court finds no clear error in his decisions. To the extent that the time limit specified in the Pretrial Scheduling Order for filing replies in further support of dispositive motions falls below the requirements of D. Minn. L.R. 7.1(c)(3), the Court will modify the magistrate judge's order to allow for fourteen days in which to reply. Should either party need an extension of time in which to respond to a particular motion, they are directed to request such an extension in the first instance from the magistrate judge, pursuant to D. Minn. L.R. 16.3. (*See also* Pretrial Scheduling Order at 1.)

## 2. Pro Se Internet Resource

The Magistrate Judge did not err in referring Munt to this Court's website for guidance on pro se representation in federal court. Visiting the webpage referenced in the Pretrial Scheduling Order is neither a prerequisite to appearing in court, nor an

7

adjunct or replacement for the rules governing practice in this Court.  Instead, it is merely intended as a practical resource for pro se litigants to use in understanding court procedure.  Nonetheless, because Munt apparently lacks access to the internet, the Court will order the Clerk of Court to mail a printed copy of the Pro Se Civil Guidebook to Plaintiff for his reference.

3.  **Timing of Pretrial Scheduling Order**

Finally, it was not error to issue a pretrial scheduling order prior to ruling on Munt's motions for TRO and preliminary relief.  Under Fed. R. Civ. P. 16(b)(2), the magistrate judge is required to issue a scheduling order "as soon as practicable."  There is no requirement in the Federal Rules or the rules of this court that he wait to do so until after disposing of any particular motion.

## IV.  ORDER

Based on the foregoing, and all the files records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Objections to the Magistrate Judge's September 26, 2016 Text Only Order [Doc. No. 21] are **OVERRULED**; and

2.  Plaintiff's Objections to the Magistrate Judge's Pretrial Scheduling Order [Doc. No. 22] are **OVERRULED** in part, and **SUSTAINED** in part, as follows:
    a.  The Pretrial Scheduling Order [Doc. No. 22] is modified to allow fourteen days for the filing and service of any reply brief in further support of a dispositive motion; and
    b.  The Clerk of Court is directed to mail to Plaintiff a printed copy of the Pro Se Civil Guidebook referenced on the "Representing Yourself (Pro Se)" webpage of the Court's website.

Dated: October 20, 2016          s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge