UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Marvin Munt,                                          Civil No. 16-1206 (SRN/SER)

      Plaintiff,
                                                           **ORDER**
  v.

Minnesota Department of Corrections,
Tom Roy, Gloria H. Andreachi, Bruce
Julson, Steve Hammer, and Bruce Reiser,

      Defendants.

---

Joel Marvin Munt, *pro se*, 236179, MCF–Stillwater, 970 Pickett St. N., Bayport, MN 55003

Lindsay LaVoie, Minnesota Attorney General's Office, 445 Minnesota St., Suite 900, St. Paul, MN 55101, for Defendants

---

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are Plaintiff's Objections to the January 27, 2017 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau [Doc. No. 52]. In the R&R, Magistrate Judge Rau recommended that Plaintiff Joel Marvin Munt's First Motion for Temporary Restraining Order ("Motion for TRO") [Doc. No. 3] and First Motion for Expedited Preliminary Relief ("Motion for Expedited Relief") [Doc. No. 5] (collectively, "Motions for Injunctive Relief") be denied by this Court. Magistrate Judge Rau also

recommended that Plaintiff's Motion for Judgment on the Pleadings [Doc. No. 38] be denied. Plaintiff filed timely objections to the R & R, (Pl.'s Obj. [Doc. No 54]), to which Defendants responded. (Def.'s Obj. Resp. [Doc. No. 58]).

Since filing his Objections, however, Munt filed two self-styled Supplements to Plaintiff's Objections ("Supplements") that provide updated factual information, (see Pl.'s Supp. to Obj. [Doc. No. 56]; Pl.'s Second Supp. to Obj. [Doc. No. 59]), and a Notice of Supplemental Authority [Doc. No. 55]. The updated factual information in the Supplements primarily relates to Plaintiff's claims concerning the shower facilities at the Minnesota Correctional Facility ("MCF")-Stillwater.

Plaintiff's claims are brought under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), and article 1, section 16 of the Minnesota Constitution. Under RLUIPA, after a prisoner shows that a prison policy substantially burdens his free exercise of religion, the burden shifts to the prison to demonstrate that its policy is the least restrictive means of furthering a compelling governmental interest. See Holt v. Hobbs, 135 S. Ct. 853, 863 (2015). In his Complaint, Munt contends that his "deeply held" Christian religious beliefs "include a prohibition against indecent displays," such as "exposure that results from changing clothes in a public area, sharing a cell with someone, using the toilet in a public area, and showering in a public area." (Compl. at 4 [Doc. No. 1].)

At the time the parties submitted their materials before the magistrate judge, Defendants also submitted the Affidavit of Defendant Gloria Andreachi [Doc. No. 27], a staff

member at MCF-Stillwater. Andreachi addressed, among other things, the then-current shower facilities at MCF-Stillwater and Defendants' reasons for why the particular shower facilities, which permitted some exposure of the upper and lower body, were necessary to further a compelling governmental interest. (See Andreachi Aff. ¶ 8.) She did not indicate, however, whether the facilities constituted the least restrictive means by which the government could further that compelling interest.

In any event, from Plaintiff's description in his Supplements, it appears that Defendants recently installed a shower curtain in one of the shower stalls in Plaintiff's unit and then cut away a portion of the bottom of the shower curtain. (Pl.'s Supp. to Obj. at 1.) Two weeks later, in his Second Supplemental Objection, Plaintiff indicated that the shower curtain had since been replaced with a curtain having a transparent upper portion. (Pl.'s Second Supp. to Obj. at 2.) Plaintiff contends that this renders the shower interior visible again. (Id.)

In light of Plaintiff's recent information, and in order to obtain a complete record, the Court directs Defendants to submit a supplemental affidavit addressing the new facts in Plaintiff's Supplements. The affidavit should also address whether the government has a compelling state interest in the policies/facilities in question, and, if so, whether the least restrictive means further that compelling state interest, with some explanation as to why that is the case. See Holt v. Hobbs, 135 S. Ct. 853, 868-69 (2015) (stating that courts must not "defer[ ] to . . . prison officials' mere say-so that they could not accommodate petitioner's request," and finding that prison officials failed to establish that their policy on beard length

3

was the least restrictive means necessary to further their compelling governmental interest in security.); Murphy v. Missouri Dep't of Corr., 272 F.3d 979, 989 (8th Cir. 2004) ("We do not require evidence that racial violence has in fact occurred in the form of a riot, but we do require some evidence that MDOC's decision was the least restrictive means necessary to preserve its security interest.")  Defendants' supplemental affidavit is limited to these issues and shall be filed within 10 days of the date of this Order.  Following the Court's review of Defendants' supplemental affidavit, the Court will issue its ruling on Plaintiff's Objections to the R&R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants shall provide a supplemental affidavit, as discussed herein, within 10 days of the date of this Order.

Dated: March 6, 2017              s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge